E-FILED
Friday, 19 March, 2021  07:46:54 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DANA BROWN,<br>    Plaintiff,<br><br>v.<br><br>KURT OSMUNDSON, et al.,<br>    Defendants. | Case No. 4:17-cv-04284-JEH |

### Order

    Before the Court is the Defendants' Motion for Bill of Costs (D. 86) and the Plaintiff's Objection thereto (D. 91).[1] For the reasons stated, *infra*, the objection is sustained and the motion is denied.

    Back on October 17, 2017, the Plaintiff, an inmate in the Illinois Department of Correction, through counsel filed a Complaint against the Defendants alleging they were deliberately indifferent to his serious medical needs under 42 U.S.C. § 1983. (D. 1). Through various motions, the Court eventually ruled in favor of all Defendants, culminating most recently with its grant of the remaining Defendants' motion for summary judgment on the remaining claims against them (D. 83), thereby concluding the case once it denied the Plaintiff's Motion to Alter Judgment Under Rule 59.

    After this Court's entry of its Order on the Motion for Summary Judgment, the Defendants filed a Motion for Bill of Costs, asking the Court to tax costs in the amount of $2,396.45 against the Plaintiff. (D. 86). In his Objection to the motion, the Plaintiff argues that the Court ought not to tax these costs, for the Plaintiff is

---

[1] References to the docket are abbreviated as "(D. __)."

now indigent and has no means to pay such costs in the future given that he will remain in the custody of the Illinois Department of Corrections until at least 2030. Plaintiff's counsel also notes that he fronted all the costs associated with litigating the Defendant's case because the Plaintiff, as an inmate, had no means to pay the litigation fees or his counsel

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party." "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F. 3d 631, 634 (7th Cir. 2006). "The rule speaks of the district court's discretion in general terms." *Id.* Since 1983, the Seventh Circuit has read the Rule to allow a district court to consider a plaintiff's indigency in denying costs. *Rivera*, 469 F. 3d at 634, *citing Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983); *see also Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir.2003); *Reed v. Int'l Union*, 945 F.2d 198, 204 (7th Cir.1991); *Congregation of Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988). However, the indigency exception to taxing costs is "a narrow one," and the losing party bears the ultimate burden of overcoming the presumption in favor of taxing costs. *Rivera*, 469 F. 3d at 636.

As threshold matter when considering whether to tax costs, a court must make a factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 636, *citing McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). The losing party bears the burden of establishing this fact with "'sufficient documentation to support such a finding.'" *Id., quoting Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Second, once that threshold showing has been made, then the court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case. . ." *Id.*

The Plaintiff has met his burden of demonstrating his inability to pay a fine, both now and in the future. The facts that the Plaintiff is an inmate currently, will remain so until at least 2030, and had no funds to pay his litigation fees or counsel are sufficient to meet this burden. On the other, discretionary factors which the Court must consider, the Plaintiff has also met his burden. First, $2,396.45 is a substantial sum for someone without any real income. Regarding the good faith of the Plaintiff and the difficulty of the issues raised by the case, his case had enough potential merit at the outset to convince experienced counsel to represent him from day one of the case and front all the costs of doing so; this fact alone makes this case different from the countless cases where inmates cannot find counsel to take their cases because of unlikely prospects of success. Finally, this litigation has been before the Court for well over three years with many contested motions and hearings related to complex medical issues, among others. Although the Plaintiff ultimately lost, his claims were far from frivolous.

For all of these reasons, the Court denies the Motion for a Bill of Costs. (D. 86).

*It is so ordered.*

Entered: March 18, 2021

<u>s/Jonathan E. Hawley</u>
U.S. Magistrate Judge